FERDINAND LITZ ET AL. v. JOSEPH W. JOHNSTON, COL-
LECTOR OF EATONTOWN TOWNSHIP.

Argued February 20, 1900—Decided June 11, 1900.

1. A society whose objects are the free education of the young, the conducting of religious services, and tne furnishing of spiritual aid and material assistance to a missionary priesthood is an association for exclusively charitable purposes, whose lands and buildings so applied are exempt from taxation under *Gen. Stat., p.* 2231.
2. The fact that the legal title to the land so devoted is in a trustee, and that the *cestui que trust* is a·corporation of a sister state, do not militate against this exemption.

On *certiorari* in matter of taxation.

Before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Peter Backes.*

For the defendant, *James Steen.*

The opinion of the court was delivered by

GARRISON, J.  The object of this proceeding is to exempt from taxation a certain building and the land connected with it.  There are two prosecutors—Ferdinand Litz, in whom the legal title is vested, and the Missionary Society of the Most Holy Redeemer, of the State of New York, commonly known as the Redemptorists Fathers, in whom is the equitable estate. The ground of exemption is that the land and buildings are "used exclusively for charitable purposes."  *Gen. Stat., p.* 3320.

The society in question was incorporated by the State of New York, and is one of a religious order whose head is at Rome.  Ferdinand Litz was the provincial (or local head) of the order in the United States at the time he took the title to this land, which was paid for with the money of the society in whose favor Litz made the declaration of trust that has been exhibited in the testimony.  The purposes of this order are charitable.  Whether we regard the free education of the young, or the conducting of religious services, or the furnishing of spiritual aid and material assistance to a missionary priesthood, all the objects to which this order has devoted this land are exclusively charitable in the sense in which our taxing law has been applied.  *Sisters of Charity* v. *Township of Chatham,* 23 *Vroom* 373; *Trustees* v. *Paterson,* 32 *Id.* 420; *Cooper Hospital* v. *Burdsall,* 34 *Id.* 85; *Paterson Rescue Mission* v. *High, Receiver,* 35 *Id.* 116.

The circumstance that the legal title is in a trustee and that the *cestui que trust* owes its corporate existence to the laws of a sister state do not militate against the general policy of our state embodied in the act referred to.

The assessment is set aside.